IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MYOKARDIA, INC. and<br>BRISTOL-MYERS SQUIBB COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. _____ |
| v. | ) | |
| | ) | |
| APOTEX INC. and APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.     Plaintiffs MyoKardia, Inc. ("MyoKardia") and Bristol-Myers Squibb Company ("BMS") (MyoKardia and BMS together, "Plaintiffs") file this Complaint for patent infringement against Apotex Inc. and Apotex Corp. (together, "Apotex"), and by their attorneys, hereby allege as follows:

2.     This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arises out of the submission of an Abbreviated New Drug Application ("ANDA") by Apotex Inc., acting in concert with Apotex Corp., to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture, use, offer for sale, sell, distribute, and/or import a generic version of Camzyos® (mavacamten) capsules, 2.5 mg, 5 mg, 10 mg, and 15 mg, prior to the expiration of U.S. Reissue Patent No. 50,050 ("the RE'050 patent" or the "Patent-in-Suit").

3.     Apotex notified Plaintiffs by letter dated June 9, 2026, and received no earlier than June 10, 2026 ("Apotex's Notice Letter"), that it had submitted to the FDA ANDA No. 221523 ("Apotex's ANDA"), seeking approval from the FDA to manufacture, use, offer for

sale, sell, distribute and/or import mavacamten capsules, 2.5 mg, 5 mg, 10 mg, and 15 mg ("Apotex's ANDA Product") prior to the expiration of the RE'050 patent.

## PARTIES

4.      Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

5.      Plaintiff MyoKardia is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1000 Sierra Point Parkway, Brisbane, California 94005.

6.      Plaintiff BMS is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at Route 206 and Province Line Road, Princeton, New Jersey 08543.

7.      BMS is the holder of New Drug Application ("NDA") No. 214998 for the marketing and sale of Camzyos® (mavacamten) capsules, 2.5 mg, 5 mg, 10 mg, and 15 mg, which has been approved by the FDA.

8.      On information and belief, Apotex Inc. is a corporation organized and existing under the laws of Canada, having a place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.

9.      On information and belief, Apotex Corp. is a corporation organized and existing under the laws of Delaware with a principal place of business located at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

10.     On information and belief, Apotex Corp. is the U.S. subsidiary of Apotex Inc., acts at the direction, and for the benefit, of Apotex Inc., and is controlled and/or dominated by Apotex Inc.  Alternatively, on information and belief, Apotex Corp. and Apotex Inc. act at the

direction, and for the benefit, of a common corporate parent, and are controlled and/or dominated by said common corporate parent.

11.    Apotex is in the business of, among other things, manufacturing, using, offering for sale, selling, distributing, and/or importing generic versions of branded pharmaceutical products for the U.S. market.

## JURISDICTION

12.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

13.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

14.    This Court has personal jurisdiction over Defendant Apotex Inc.

15.    Apotex Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Apotex Inc., acting in concert with Apotex Corp., manufactures, uses, offers to sell, sells, distributes and/or imports generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

16.    On information and belief, Apotex Inc. knows and intends that following any approval of Apotex's ANDA No. 221523, Apotex Inc. will, in concert with Apotex Corp., manufacture and import into the United States Apotex's ANDA Product and directly or indirectly market, use, offer for sale, sell, and/or distribute Apotex's ANDA Product throughout the United States, including in Delaware.  On information and belief, following any FDA approval of ANDA

No. 221523, Apotex Inc. knows and intends that Apotex's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

17. Alternatively, if Apotex Inc.'s connections with Delaware, including its connections with Apotex Corp., are found to be insufficient to confer personal jurisdiction, then upon information and belief, Apotex Inc. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Apotex Inc. in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

18. This Court has personal jurisdiction over Defendant Apotex Corp.

19. Apotex Corp. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware located at 800 North State Street Suite 304, Dover, Delaware 19901. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Apotex Corp., acting in concert with Apotex Inc., manufactures, uses, offers to sell, sells, distributes and/or imports generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

20. On information and belief, Apotex Corp. knows and intends that following any approval of Apotex's ANDA No. 221523, Apotex Corp. will, in concert with Apotex Inc., manufacture and import into the United States Apotex's ANDA Product and directly or indirectly market, use, offer for sale, sell, and/or distribute Apotex's ANDA Product throughout the United

4

States, including in Delaware.  On information and belief, following any FDA approval of ANDA No. 221523, Apotex Corp. knows and intends that Apotex's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

21.    Furthermore, this Court has personal jurisdiction over Apotex Inc. and Apotex Corp. because Apotex has represented to Plaintiffs (by email dated June 29, 2026) that Apotex does not object to personal jurisdiction in Delaware for purposes of this action.

## VENUE

22.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

23.    Venue is proper in this district for Apotex Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Apotex Inc. is a corporation organized and existing under the laws of Canada and is subject to personal jurisdiction in this judicial district.

24.    Venue is proper in this district as to Apotex Corp. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware.

25.    Furthermore, venue in this district is proper as to Apotex Inc. and Apotex Corp. because Apotex has represented to Plaintiffs (by email dated June 29, 2026) that Apotex does not object to venue in this district for purposes of this action.

## FACTUAL BACKGROUND

26.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

27.    Camzyos®, which contains the active ingredient mavacamten, is a cardiac myosin inhibitor used to treat adults with obstructive hypertrophic cardiomyopathy.

28.    Apotex's ANDA Product is a generic version of Plaintiffs' Camzyos®.

## COUNT I – INFRINGEMENT OF THE RE'050 PATENT

29.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

30.    The RE'050 patent, entitled "Pyrimidinedione Compounds" (attached as Exhibit A), was duly and legally issued on July 23, 2024.

31.    Plaintiff MyoKardia is the owner and assignee of the RE'050 patent. Plaintiffs have all right, title, and interest in the RE'050 patent.

32.    The RE'050 patent claims recite, *inter alia*, a series of specifically defined compounds, including mavacamten.

33.    Camzyos® is covered by one or more claims of the RE'050 patent, including claim 20 of the RE'050 patent, and the RE'050 patent has been listed in connection with Camzyos® in the FDA's Orange Book.

34.    In Apotex's Notice Letter, Apotex notified Plaintiffs of the submission of Apotex's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the manufacture, use, offer for sale, sale, distribution, and/or importation of Apotex's ANDA Product prior to the expiration of the RE'050 patent.

35.    In Apotex's Notice Letter, Apotex also notified Plaintiffs that, as part of its ANDA, Apotex had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to the RE'050 patent.  Apotex submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the RE'050 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale,

distribution, and/or importation of Apotex's ANDA Product. Plaintiffs are filing this Complaint within forty-five days of receipt of Apotex's Notice Letter.

36.    Apotex's Notice Letter did not include a notice that Apotex had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), with respect to U.S. Patent No. 9,585,883 ("the '883 patent"). The '883 patent has been listed in connection with Camzyos® in the FDA's Orange Book. On information and belief, Apotex has, as part of its ANDA, filed certifications of the type described in Section 505(j)(2)(A)(vii)(III) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(III), with respect to the '883 patent.

37.    Apotex's Notice Letter and accompanying statement do not identify a factual or legal basis to support noninfringement of the RE'050 patent.

38.    Apotex's ANDA Product is covered by at least claim 20 of the RE'050 patent.

39.    Apotex's ANDA Product is not suitable for substantial non-infringing use. Apotex plans and intends to, and will, contribute to infringement of the RE'050 patent after approval of Apotex's ANDA.

40.    Apotex's submission of Apotex's ANDA for the purpose of obtaining approval to engage in the manufacture, use, offer for sale, sale, distribution, and/or importation of Apotex's ANDA Product before the expiration of the RE'050 patent was an act of infringement of one or more claims of the RE'050 patent under 35 U.S.C. § 271(e)(2)(A).

41.    Apotex will engage in the manufacture, use, offer for sale, sale, distribution, and/or importation of Apotex's ANDA Product immediately and imminently upon approval of its ANDA.

42.     The manufacture, use, offer for sale, sale, distribution, and/or importation of Apotex's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the RE'050 patent, including, *inter alia*, claim 20 of the RE'050 patent.

43.     Notwithstanding Apotex's knowledge of the claims of the RE'050 patent, Apotex has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Apotex's ANDA Product with its product labeling following FDA approval of Apotex's ANDA prior to the expiration of the RE'050 patent.

44.     The foregoing actions by Apotex constitute and/or will constitute infringement of one or more claims of the RE'050 patent under 35 U.S.C. §§ 271(a)–(c).

45.     Plaintiffs will be substantially and irreparably damaged by infringement of the claims of the RE'050 patent.

46.     Unless Apotex is enjoined from infringing, actively inducing infringement, and contributing to infringement of the claims of the RE'050 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE RE'050 PATENT

47.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

48.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Apotex on the other regarding Apotex's infringement of one or more claims of the RE'050 patent.

49.     The Court should declare that the manufacture, use, offer for sale, sale, distribution, and/or importation of Apotex's ANDA Product with its proposed labeling will infringe the RE'050 patent under 35 U.S.C. §§ 271(a)–(c).

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs request the following relief:

a)      A judgment that one or more claims of the Patent-in-Suit has been infringed under 35 U.S.C. § 271(e)(2) by Apotex's submission to the FDA of Apotex's ANDA;

b)      A judgment ordering that the effective date of any FDA approval of Apotex's ANDA be not earlier than the expiration of the Patent-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

c)      Preliminary and permanent injunctions enjoining Apotex, and all persons acting in concert with Apotex, from the manufacture, use, offer for sale, sale, distribution, and/or importation into the United States of Apotex's ANDA Product, or any other drug product covered by or whose use is covered by one or more claims of the Patent-in-Suit, prior to the expiration of the Patent-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

d)      A permanent injunction enjoining Apotex, and all persons acting in concert with Apotex, from practicing any invention claimed in the Patent-in-Suit, or from actively inducing or contributing to the infringement of any claim of the Patent-in-Suit, until after the expiration of the Patent-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

e)      A judgment declaring that the commercial manufacture, use, offer for sale, sale, distribution, and/or importation into the United States of Apotex's ANDA Product, or any other drug product that is covered by or whose use is covered by one or more claims of the Patent-

in-Suit, prior to the expiration of the Patent-in-Suit, will infringe and/or contribute to and/or induce the infringement of the Patent-in-Suit;

f)        To the extent Apotex has committed any acts with respect to the inventions claimed in the Patent-in-Suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a judgment awarding Plaintiffs damages for such acts;

g)        If Apotex engages in the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Apotex's ANDA Product prior to the expiration of the Patent-in-Suit, a judgment awarding damages to Plaintiffs resulting from such infringement, together with interest;

h)        A judgment declaring that the Patent-in-Suit remains valid and enforceable;

i)        A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

j)        Plaintiffs' costs and expenses in this action; and

k)        Such further and other relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiffs MyoKardia, Inc.*
*and Bristol-Myers Squibb Company*

OF COUNSEL:

Stanley E. Fisher
Thomas S. Fletcher
Elise M. Baumgarten
Christopher A. Yeager
Catherine A. Reid
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC  20024
(202) 434-5000

July 14, 2026

10